UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>$481,480.00 U.S. CURRENCY SEIZED FROM GOLDEN BANK ACCOUNT ENDING IN 6321,<br><br>   Defendant. | CIVIL ACTION NO. ___ |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Nicholas J. Ganjei, and the undersigned counsel, Elizabeth Wyman, Assistant United States Attorney, files this action for forfeiture *in rem* against $481,480.00 in U.S. Currency seized from Golden Bank Account ending in 6321 ("Defendant Property"). The United States respectfully alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. Under 18 U.S.C. § 1957, it is unlawful for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is

1

derived from specified unlawful activity. Under 18 U.S.C. § 1956(h), it is unlawful to conspire to commit any offense described in 18 U.S.C. § 1956 or § 1957. Pursuant to 18 U.S.C. § 1956(c)(7), which incorporates by reference offenses listed in 18 U.S.C. § 1961(1), "specified unlawful activity" includes the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances as defined in section 102 of the Controlled Substances Act.

2.     The Defendant Property is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

3.     In addition, the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

4.     With regard to the civil forfeiture of fungible property, 18 U.S.C. § 984 provides that funds deposited into the same financial account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the forfeiture action is commenced within one year from the date of the offense. Section 984 excuses the government from the tracing requirement with respect to such funds.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a), as well as *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A).

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1)(A), 1391(b), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas.

7.      Venue is further proper in this Court pursuant to 18 U.S.C. § 981(h). A criminal prosecution has been brought against Asad Kesaria, who owns or may have an ownership interest in the Defendant Property, in the Southern District of Texas, Case No. 4:24-CR-00580, based on violations that are the basis for forfeiture of the Defendant Property.

## THE DEFENDANT PROPERTY

8.      The Defendant Property is $481,480.00 in U.S. Currency, which was seized from a Golden Bank Account with an account number ending in 6321 ("Golden Account 6321").

## SUMMARY

9.      This case involves an elaborate Trade-Based Money Laundering ("TBML") network operating in Houston, Texas, and elsewhere both nationally and internationally. As described in more detail below, the TBML network launders cash proceeds of narcotics trafficking through the procurement and sale of cellular phones. Asad Kesaria owns and operates a cell phone business under the name "PARTS4CELLS," which holds Golden Account 6321. Asad Kesaria and his son, Shawn Kesaria, through the PARTS4CELLS business, are participants in the TBML network and have deposited at least $481,480 in cash drug proceeds into Golden Account 6321 since August 2024.

## FACTUAL BASIS FOR FORFEITURE

**I.      The Trade-Based Money Laundering Network Launders Drug Proceeds.**

10.     On or about December 14, 2022, a DEA Confidential Source was directed by a known Mexico-based narcotics trafficker to deliver narcotics proceeds to a cell phone vendor in the greater Houston, Texas area. Subsequent to the December 14, 2022, delivery, through a number

3

of investigative techniques, investigators uncovered a TBML network involved in laundering drug proceeds through the procurement and sale of cell phones. This TBML network was found to operate throughout the United States and internationally and to be used by drug trafficking organizations ("DTOs") and cartels to launder their drug proceeds.

11.    In October 2023, agents developed a confidential source (hereinafter, "CS1"), embedded within this TBML network. CS1 owned a cellphone business in the greater Houston area and, prior to his/her cooperation, laundered millions in drugs proceeds on behalf of his/her Mexico-based customers through the procurement and sale of cellphones.

12.    With the assistance of CS1, investigators from the DEA and the Internal Revenue Service-Criminal Investigations ("IRS-CI") infiltrated the TBML network by initiating a financial undercover operation (herein, the "Financial UCO"). During the Financial UCO, investigators established and/or maintained storefront location(s) in the Southern District of Texas where dozens of couriers delivered bulk cash on behalf of Mexico-based cell phone vendors to a Confidential Source or law enforcement officer acting in an undercover capacity. Almost all deliveries were audio- and video-recorded using covert cameras and microphones and were also supported by physical or electronic surveillance by the DEA. The bulk cash was then used to fulfill contracts for the purchase of cell phones that were shipped as instructed by the Mexico-based cell phone vendors.

13.    Investigators learned, through the Financial UCO and other sources, that the Mexico-based cell phone vendor "customers" were essentially money launderers operating their own cell phone stores in Mexico and elsewhere. They were able to make payments in bulk cash delivered by U.S.-based couriers by going through a Mexico-based intermediary known as the

4

"Casa de Cambio" or "Exchange House." There are multiple such Exchange Houses,[1] whose role is to broker transactions between Mexico-based money launderers (cell phone vendors) *needing* bulk cash in the United States and Mexico-based drug traffickers *with* cash drug proceeds in the United States.

14.    Investigators conducted the Financial UCO over a nine-month period (October 2023 through July 2024), during which multiple money couriers delivered millions in cash to the Financial UCO. Law enforcement operations conducted on the money couriers during that same nine-month timespan resulted in the seizure of multi-kilogram quantities of narcotics, including cocaine, methamphetamine, heroin, fentanyl, marijuana, and Alprazolam. Additionally, several money couriers made admissions of laundering drug proceeds and/or drug trafficking for DTOs and cartels.

## II.    PARTS4CELLS Received Bulk Cash Deliveries of Drug Proceeds.

15.    Asad Kesaria owns and operates PARTS4CELLS, a business located at 5750 Bintliff Drive, Suites 219 and 220, Houston, TX 77036 within the Southern District of Texas that engages in the wholesale purchase and sale of cell phones. Asad Kesaria was confirmed as a participant in the TBLM network in August 2024, following a delivery of cash drug proceeds to PARTS4CELLS by a DEA Confidential Source (hereinafter "CS2").

16.    CS2 became known to investigators after he/she made two bulk cash deliveries to the Financial UCO described herein. CS2 had been directed to make the cash deliveries by a Mexico-based cartel member. CS2 told investigators that his/her job was to receive, collect, and transfer drug proceeds in the greater Houston area according to instructions CS2 received from the Mexico-based cartel member.

---

[1] The term "Exchange House" could refer to a business but could also refer to a single person.

17.    On a date in August 2024, CS2, acting at the direction of the Mexico-based drug cartel member, delivered $108,000 in narcotics proceeds to PARTS4CELLS located at the 5750 Bintliff Drive, Suite 220, Houston, TX 77036. Both Asad Kesaria and Shawn Kesaria were present and accepted the cash delivery. Asad Kesaria accepted the cash even though he had not been expecting the cash and even though CS2 did not know the name of the person for whose benefit the cash was being delivered.

18.    CS2 told investigators about two prior cash deliveries he/she had made to PARTS4CELLS at the direction of the same Mexico-based drug cartel member. CS2 showed investigators on his/her cellphone photographs of receipts from two other dates in August 2024 which were nearly identical to the receipt provided by Shawn Kesaria as described above. One receipt was for the amount of $99,680. The second receipt was for the amount of $72,800.

19.    On a date in September 2024, the same Mexico-based drug cartel member who had directed the three previous cash deliveries instructed CS2 to pick up $201,000 and deliver it to Asad Kesaria at PARTS4CELLS. CS2 received the cash in a cardboard box from an unidentified male in a Starbucks parking lot.

20.    On a date in October 2024, an undercover officer posing as an associate of CS2 attempted to deliver the $201,000 in narcotics proceeds to PARTS4CELLS. When the undercover officer arrived, he/she asked for Asad Kesaria. An unknown male inside the business told the undercover officer that Asad Kesaria was not there and provided the undercover officer with Asad Kesaria's telephone number.

21.    Later the same day, the undercover officer placed a recorded telephone call to Asad Kesaria. During the telephone call, Asad Kesaria advised the undercover officer that he/she could deliver the cash to his employee, "Muen," at PARTS4CELLS. The undercover officer returned to

6

PARTS4CELLS and met with Muen, who counted the narcotics proceeds using a money counter. Muen provided the undercover officer with a handwritten receipt listing "Muen," the amount of cash delivered (confirmed to be $201,000), and the date of the delivery.

22.    These four cash deliveries made to PARTS4CELLS by CS2 and/or the undercover officer are summarized below:

|  | Dollar Amount |
|---|---|
| First Delivery | $99,680 |
| Second Delivery | $72,800 |
| Third Delivery | $108,000 |
| Fourth Delivery | $201,000 |
| **Total:** | **$481,480** |

## III.    Golden Account 6321 Received Bulk Cash Deposits of Drug Proceeds.

23.    Bank records indicate that PARTS4CELLS maintains Golden Account 6321, which was opened on May 11, 2022, as a business account.

24.    Based upon a review of Currency Transaction Reports ("CTRs") prepared for cash deposits made on behalf of PARTS4CELLS that exceeded $10,000, Golden Account 6321 appears to be the primary account used for PARTS4CELLS and has been since May 2022, when the account was opened. No other banks filed CTRs on behalf of PARTS4CELLS after May 2022, and the investigation did not find any indication that PARTS4CELLS maintained bank accounts at any other financial institutions during the time period from August 2024 through October 2024.

25.    Based on CTRs filed by Golden Bank, at least $969,411 in United States currency was tendered to Golden Bank for deposit into Golden Account 6321 between August 2024 and October 2024.

26.    The evidence described above indicates that the $481,480 in narcotics proceeds delivered to PARTS4CELLS as part of the TBML network was subsequently deposited into Golden Account 6321.

27.    In January 2025, the United States seized the Defendant Property, and it now brings this action for forfeiture.

## CONCLUSION

28.    The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).

## NOTICE TO ANY POTENTIAL CLAIMANT

The United States will serve notice, along with a copy of the Complaint, on the property owner(s) and on persons who reasonably appear to be potential claimants.

YOU ARE HEREBY NOTIFIED that if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States demands a jury trial. The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,
NICHOLAS J. GANJEI
United States Attorney

/s/ Elizabeth A. Wyman
Elizabeth A. Wyman
SDTX Federal No. 2294662
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000
Fax: (713) 718-3300

9

**<u>VERIFICATION</u>**

I, Louis Hirsh, Special Agent with the U.S. Department of the Treasury, IRS-CI, declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that the facts set forth in the foregoing Verified Complaint For Civil Forfeiture In Rem and Notice to Potential Claimants are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on  June 9, 2025  .

_____
Louis Hirsh
Special Agent
U.S. Department of the Treasury, IRS-CI

10