United States District Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02674 |
| | § | |
| 481,480.00 U.S CURRENCY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Dena Hanovice Palermo's Report and Recommendation (Doc. #37) and Claimant Norma Kesaria's ("Claimant") Objections (Doc. #38).[1] The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Report and Recommendation.

This is an *in rem* asset-forfeiture case arising from a trade-based money laundering network that laundered narcotics proceeds through the wholesale procurement and sale of cellular telephones. Doc. #37 at 2. Asad Kesaria owns and operates Parts4Cells Inc. ("Parts4Cells"), a wholesale cellphone business in Houston, Texas. *Id.* Between August and October 2024, a confidential source and an undercover officer—each acting at the direction of the same Mexico-based drug cartel member—made four deliveries of cash narcotics proceeds to Parts4Cells totaling

---

[1] Claimant has never filed a verified claim in this action, and her Answer was struck for that reason. Doc. #33. The Court refers to Norma Kesaria as "Claimant" for convenience and for consistency with the Magistrate Judge's prior order, without suggesting that she has established standing to contest the forfeiture.

$481,480. *Id.* at 2-3.  Bank records reflect that at least $969,411 was deposited during that same period into the Golden Bank account ending in 6321, which Parts4Cells opened in May 2022, and investigators determined that the $481,480 in narcotics proceeds was among those deposits. *Id.* at 3-4.  The Government seized the $481,480 from that account in January 2025. *Id.* at 4.  On January 23, 2025, federal agents executed a search warrant at Parts4Cells in connection with a federal arrest warrant for Asad Kesaria and seized $371,000 from a safe in the storage area of the business. *Id.* A review of Parts4Cells's business software revealed that, between November 1, 2024 and January 10, 2025, the company received thirteen payments totaling $1,327,753 from a known participant in the laundering network. *Id.*  Asad Kesaria was later indicted and pled guilty to structuring transactions to avoid reporting requirements, and he agreed to forfeit the Defendant Currency as part of his plea agreement.[2] *Id.*; Doc. #31 at 1 n.1.

The Government filed its original Verified Complaint for Forfeiture In Rem against the $481,480 on June 9, 2025, and published notice of that complaint on forfeiture.gov from June 13 through July 12, 2025.  Doc. #1; Doc. #5.  It sent Asad and Norma Kesaria a notice package on June 11, 2025, advising them that a verified claim was due no later than thirty-five days from the date the notice was sent.  Doc. #26; *see* Doc. #33 at 3.  On July 17, 2025, Asad and Norma Kesaria filed an Answer without first filing a verified claim.  Doc. #6.  The Government filed its Amended Verified Complaint on February 12, 2026, adding the $371,000 seized from Parts4Cells; published notice of the amended complaint from February 14 through March 15, 2026; and sent a second notice package on February 19, 2026.  Doc. #18; Doc. #23; Doc. #26.  No verified claim was ever filed as to either complaint.   On April 28, 2026, Magistrate Judge Palermo granted the

---

[2] *See United States v. Asad Wali Kesaria*, No. 4:24-cr-580-10 (S.D. Tex.).   The Report and Recommendation refers at one point to case number 4:24-cr-581-10. Doc. #37 at 4.  But the correct case number appears elsewhere in the record. *See* Doc. #33 at 10; Doc. #37 at 14.

Government's Motion to Strike, struck the Answer, and denied Claimant's Motion for Leave to File Verified Claim Out of Time. Doc. #33. The Government then moved for a final judgment of forfeiture by default, and the Clerk entered default against all potential claimants. Doc. #34; Doc. #36. Magistrate Judge Palermo issued her Report and Recommendation on May 11, 2026, recommending that the Government's Motion for Default Judgment (Doc. #34) be granted and the Defendant Currency forfeited to the United States. Doc. #37.

Claimant raises three objections. First, she reargues the Motion to Strike, contending that default judgment is disfavored and unwarranted here because she attempted "in good faith" to comply with the Supplemental Rules. Doc. #38 at 4-6. This objection "merely rehashes" arguments Magistrate Judge Palermo already considered and rejected. *Elmihi v. Paypal Holdings, Inc.*, No. 2:25-cv-00025, 2026 WL 92046, at *2 (S.D. Tex. Jan. 13, 2026). As the order striking Claimant's untimely Answer explained, courts in the Fifth Circuit require strict compliance with the Supplemental Rules governing forfeiture claims, and Claimant offered no explanation for her failure to file a verified claim. Doc. #33 at 5, 12. Second, Claimant contends that the currency seized from the Parts4Cells safe is insufficiently connected to criminal activity and that she is an innocent shareholder entitled to at least a portion of it. Doc. #38 at 7-8. Third, she observes that the Report and Recommendation misidentifies the statute of conviction in Asad Kesaria's criminal case.[3] Doc. #38 at 9.

Claimant's second objection is waived. She did not present either the sufficiency-of-the-

---

[3] The Report and Recommendation states in one place that Asad Kesaria "pled guilty to violating § 5321." Doc. #37 at 10. Twice elsewhere, however, it correctly states that he pled guilty to "Structuring Transactions to Avoid Reporting Requirements, in violation of 31 U.S.C. §§ 5324(b)(1) and 5324(d)(1)." *Id.* at 4, 14. Section 5321 provides for civil money penalties and is not an offense of conviction. The Court therefore reads the single reference to § 5321 as a scrivener's error and corrects it to § 5324. The error is immaterial to the Magistrate Judge's analysis.

3

connection argument or the innocent-shareholder theory to Magistrate Judge Palermo in her response to the Motion to Strike or in her Motion for Leave. *See* Doc. #28; Doc. #29. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Lam v. USCIS*, No. 4:23-CV-02751, 2025 WL 2430887, at 1 (S.D. Tex. Aug. 22, 2025) (*quoting Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998)); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation."); *Simmons Bank v. Monocoque Diversified Ints., LLC*, No. 4:24-CV-00492, 2025 WL 895831, at 1 (S.D. Tex. Mar. 20, 2025) (holding that new arguments raised for the first time in objections "are not properly before the Court for consideration"); *Reser v. Martin*, No. 2:25-CV-00123, 2026 WL 74071, at *1 (S.D. Tex. Jan. 9, 2026) ("[A]n objection is not valid if it raises a new argument not presented to the magistrate judge.").

Furthermore, the second objection fails on the merits. The forensic evidence recounted in the Report and Recommendation—thirteen payments from a known participant in the laundering network, totaling $1,327,753, in the ten weeks preceding the search—amply supports a reasonable belief that the Government could establish the required connection between the currency in the safe and the underlying offense. Doc. #37 at 13; *see* 18 U.S.C. § 983(c)(1), (3). And Claimant offers no authority for her innocent-shareholder theory, which regardless runs against settled law that "shareholders' interest in the corporation does not equate to ownership by the shareholder of specific corporation assets." *United States v. M/Y Galactica Star*, 13 F.4th 448, 456 (5th Cir. 2021) (quoting *United States v. Wyly*, 193 F.3d 289, 304 (5th Cir. 1999)); *see also Farnsworth v. Thaler*, No. H-10-1104, 2011 WL 2490405, at *4 (S.D. Tex. June 20, 2011) (finding arguments without

4

legal or factual support to be without merit).   Upon de novo review, the Court agrees with Magistrate Judge Palermo's analysis.   Claimant's objections are overruled.

In conclusion, the Court adopts the Report and Recommendation (Doc. #37) as its Order. Accordingly, Claimant's Objections (Doc. #38) are OVERRULED, and the Government's Motion for Final Judgment of Forfeiture by Default (Doc. #34) is hereby GRANTED.   Any person or entity who could assert an interest in the Defendant Currency is held in DEFAULT.  The Defendant Currency—$481,480.00 in U.S. Currency seized from Golden Bank account ending in 6321 and $371,000.00 in U.S. Currency seized from Parts4Cells Inc.—is FORFEITED to the United States of America, which shall dispose of it in accordance with applicable law.   The Court will enter a separate final judgment.

It is so ORDERED.

JUL  2 9 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5